**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION, | ) | |
| | ) | Civil Action No. 03-528L |
| Plaintiff, | ) | |
| | ) | Judge Lagueux |
| v. | ) | |
| | ) | Magistrate Judge Martin |
| ARMAMENT SYSTEMS AND PROCEDURES, INC. and COVE CUTLERY, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ARMAMENT SYSTEMS AND PROCEDURES, INC,'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**

Comes now defendant, Armament Systems & Procedures, Inc. ("ASP"), pursuant to Fed.R.Civ.P. 37, and hereby moves for an Order of this Court compelling Plaintiff Emissive Energy Corporation ("Emissive"), to respond to Defendant's First Set of Interrogatories and First Request for Production of Documents. ASP requests that Emissive be compelled to respond to ASP's First Set of Interrogatories and First Request for Production of Document within ten (10) days of the hearing on this Motion. In support of this Motion, ASP relies on the Memorandum of Law filed herewith.

Pursuant to Fed.R.Civ.P. 37(B)(2) and Local Rule 13(d), counsel for ASP hereby certifies that an effort was made to resolve this dispute with counsel for Emissive

without the intervention of this Court.

Respectfully submitted,

ARMAMENT SYSTEMS AND
PROCEDURES, INC.

One of its attorneys

William R. Grimm, 1938
Brent Canning, 5546
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)

Wanda E. Jones, Esq.
Jones Law Offices
60 N. Jefferson
P.O. Box 1759
Nashville, IN 47448

Richard S. Kuhlman, Esq.
Michael E. Pildes, Esq.
Wolin & Rosen, Ltd.
55 W. Monroe St.
Suite 3600
Chicago, IL 60603

## CERTIFICATE OF SERVICE

I hereby certify that I mailed a copy of the foregoing Motion to Compel Answers to Interrogatories and Requests for Production of Documents to all counsel of record listed below on May 26, 2005.

Craig M. Scott, Esq.
Christine K. Bush, Esq.
DUFFY, SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| EMISSIVE ENERGY CORPORATION, Plaintiff, | Civil Action No. 03-528L |
| v. | Judge Lagueux |
| ARMAMENT SYSTEMS AND PROCEDURES, INC. and COVE CUTLERY, LTD., Defendants. | Magistrate Judge Martin |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**

Comes now defendant, Armament Systems & Procedures, Inc. ("ASP"), and moves that Plaintiff Emissive Energy Corporation ("Emissive") be ordered to answer Interrogatories and produce documents and information responsive to the following Requests for Production and Interrogatories within ten (10) days after hearing on this motion.

## BACKGROUND

This case involves Emissive's claims that ASP's Eclipse flashlight product infringes two of Emissive's patents, one design patent and one utility patent. ASP has denied these allegations. ASP has served Interrogatories and Requests for Production upon Emissive seeking basic information that ASP needs to evaluate and defend against Emissive's patent infringement and damages claims. As enumerated herein, Emissive has wrongfully failed and refused to produce the requested information:

## DISCOVERY IN DISPUTE

The interrogatory answers and document responses Emissive has produced to date are entirely inadequate and fail to provide even a bare minimum of information. The only documents Emissive has provided to date are patent prosecution office records (which are public documents), the patent rights to Emissive's patents at issue, and a photocopy of packaging for Emissive's product, the Microlight. Emissive has failed to provide any information or documents concerning the conception and reduction to practice of its Microlight embodying the subject matter claimed in its '226 and '973 patents. No design or production documents have been produced. This discovery is clearly relevant to ASP's defenses, as the requested information impacts upon what is "prior art", and what was "obvious" when Emissive obtained its patents, and possible statutory bar defenses.

Emissive has also unjustifiably refused to provide any of its sales information, including dates and documents concerning its first sale and offer for sale of its commercial products that Emissive contends are covered by the patents in suit. Emissive has improperly refused to provide any information concerning gross revenues, profit margins, and related sales information. Emissive also has refused to produce any documents concerning its licensing of the patents in suit. This information is relevant to damages claims Emissive has stated it will be making for a reasonable royalty. Under the Georgia Pacific factors (318 F. Supp. 1116 (S.D.N.Y. 1970)) all of this information is relevant to determining what a reasonable royalty is. For example, Georgia Pacific Factor No. 1 relates to royalties received from licensing the patent in suit.

**A. INTERROGATORY ANSWERS IN DISPUTE** (See Plaintiff's Responses to Defendant's First Set of Interrogatories, attached hereto as **Exhibit 1**).

**INTERROGATORIES 6(a) – 6(i)**

These Interrogatories seek basic information on the gross revenue, number of units sold, manufactured and imported; cost of goods sold; gross profits; selling expenses; sales prices; and sales expenses of products Emissive claims embody the subject matter of the '226 and '973 patents. There is no basis for Emissive's claims this information is not relevant. This basic information is directly related to the commercial success of Emissive's Microlight, which is relevant to a reasonable royalty under Georgia Pacific factor No. 8 (i.e. established profitability of the patented product, its commercial success and current popularity).

**INTERROGATORY NO. 6(J)**

Emissive has also refused to answer Interrogatory No. 6(j) concerning returns of the light at issue to Emissive on the grounds that such information is "not reasonably calculated to lead to the discovery of admissible evidence." Returns of Plaintiff's Microlight, are relevant to the issues of consumer acceptance of the product, and what a reasonable royalty for such a product would be under Georgia Pacific (See Factor No 8 and others).

**INTERROGATORY NO. 6 (k)**

Emissive has refused to provide information concerning complaints it has received about the Microlight on the grounds that such complaints are also "not reasonably calculated to lead to the discovery of admissible evidence". These

objections are improper for the same reasons outlined above concerning Emissive's failure to provide requested information and response to Interrogatory No. 6(j).

**INTERROGATORY NO. 6(l)**

Emissive has also failed to produce any information concerning credits provided by Emissive regarding returns of the Microlight, claiming such evidence is also "not reasonably calculated to lead to the discovery of admissible evidence." These objections are improper for the same reasons outlined above concerning Emissive's failure to provide requested information and response to Interrogatory No. 6(j).

**INTERROGATORY NO. 6(n)**

Emissive has also refused to produce any information concerning the distributor of the Microlight products at issue. Emissive claims this information is also "not reasonably calculated to lead to the discovery of admissible evidence." Emissive has stipulated that it was the manufacturer of each such product. ASP is therefore entitled to determine the veracity of Emissive's sales information by verifying same through Emissive's distributors. Emissive took exactly the same portions when moving this Court to order ASP to produce information regarding ASP's distributors, and this Court granted that motion.

**INTERROGATORY NO. 7**

Emissive has refused to answer Interrogatory No. 7, which seeks to determine the identity of all documents and things referred to or relied upon in determining the answers to Interrogatory No. 6. The presumed basis for Emissive's answer to Interrogatory No. 7 is that it has wrongfully failed and refused to answer Interrogatory

No. 6. If Emissive is required to answer all or any part of Interrogatory No. 6, Emissive should therefore be required to answer Interrogatory No. 7.

**INTERROGATORY NO. 10**

Emissive claims that "at this time, there are no non-privileged documents that refer or relate" to the time it became aware of the accused ASP product. Emissive failed to specify whether there are privileged documents responsive to this Interrogatory. Emissive has also failed to provide the requested privilege log specified in Section H of the Definitions of these Interrogatories, which would permit ASP to move to follow up to compel those documents ASP believes should be produced despite Emissive's claims of privilege.

**B. PRODUCTION REQUESTS** (See Plaintiff's Responses to Defendant's First Request for Production, attached hereto as **Exhibit 2**).

**C. FUTURE PRODUCTION REFERENCED IN EMISSIVE'S INTERROGATORY ANSWERS**

Emissive's response to various Production Requests, including to but not limited to Responses Nos. 3, 4, 5, and 6, among others, indicate that Emissive will produce responsive documents at some time in the future. ASP requests this Court to enter an order requiring Emissive to produce said documents and materials on or before May 31, 2005, as discovery deadlines are looming and ASP needs this information to develop its defenses.

**PRODUCTION REQUEST NO. 7**

One of the issues in this case is whether the invention and patent for ASP's Eclipse light preceded the invention and patent of Emissive's Microlight at issue.

Production Request No. 7 seeks information relevant to that issue. The Court should direct Emissive to respond to this Request.

**PRODUCTION REQUEST NO. 8**

For the reasons outlined in Response to Production Request No. 7, Production Request No. 8 should also be answered by Emissive.

**PRODUCTION REQUEST NO. 9**

This Request is directly relevant to whether ASP acted willfully or Emissive waived any rights by not acting after it learned of the alleged infringement. Emissive should be directed to clarify whether there are any documents responsive to Production Request No. 9 for which it is claiming privilege. If such documents do exist, Emissive should directed to produce a privilege log.

**PRODUCTION REQUEST NO. 25**

The requested information is specific and directly relevant to Emissive's claims of damages. Emissive should be directed to answer same.

**PRODUCTION REQUEST NO. 26**

The requested marketing information is specific and directly relevant to Emissive's claims for a reasonable royalty, which must take into account its commercial success and current popularity as well as its established profitability under Georgia-Pacific. See also G.P. & Bose corp. v. JBL, Inc., 274 F.3d 1354 (Fed.Cir. 2001).

**PRODUCTION REQUEST NO. 27**

The quantity of Microlights manufactured, sold, offered for sale, or imported by Emissive, which is requested in Request No 27(a), and the attendant costs and profits requested in Requests Nos. 27(b) through 27(g), are relevant to the calculation of a

reasonable royalty under the Georgia Pacific factors which include the established profitability of the product made under the patent, its commercial success, and its current popularity.

**PRODUCTION REQUEST NO. 34**

The requested Microlight sales materials are directly relevant to the calculation of a reasonable royalty under the Georgia Pacific Factor No. 8 previously enumerated.

**PRODUCTION REQUEST NO. 36**

The requested Microlight sales, price, and profit materials are directly relevant to the calculation of a reasonable royalty under the Georgia Pacific factors enumerated previously in this Memorandum, including but not limited to the established profitability of the product made under the patent, its commercial success, and its current popularity.

**PRODUCTION REQUEST NOS. 37 & 38**

The requested licensing agreements and related assignments are directly relevant to Emissive's claimed reasonable royalties under Georgia Pacific Factors Nos. 1 and 3 (Royalties received by patentee for licenses of the patent; and nature and scope of licenses granted by patentee). Emissive should be directed to produce the requested document. In addition, in Response to Production Request No. 37, Emissive produced no documents. However, in Response to Production Request No. 38, Emissive said "See documents produced in Response to Request No. 37." During the Rule 37 telephone discovery conference, counsel for ASP requested clarification on this issue from counsel for Emissive. This clarification has not been produced.

**PRODUCTION REQUEST NO. 44**

The requested information on pricing and profit related to manufacture and sale of the Microlight is directly relevant to the consideration of what a reasonable royalty in this case would be under the Georgia Pacific factors enumerated herein, particularly Factor No. 8. See also G.P. & Bose corp. v. JBL, Inc., 274 F.3d 1354 (Fed.Cir. 2001).

**PRODUCTION REQUEST NO. 50**

The requested information concerning suppliers and/or manufacturers of components and parts used in the Microlights at issue are directly relevant to its production costs and even a reasonable royalty must factor in those costs in determining the hypothetical royalty that would be reasonable for both ASP and Emissive. The requested documents are also relevant to the established profitability and commercial success of the Microlight (Georgia Pacific Factor No. 8), and whether Plaintiff's Microlight profits should be attributed to its patented invention or to its skill in manufacturing and sales (Georgia Pacific Factor No. 13).

**CONCLUSION**

For the foregoing reasons, ASP respectfully requests that the Court order Emissive to respond to Defendant's First Request for Production and Defendant's First Set of Interrogatories as set forth herein within ten (10) days after a hearing on this motion.

Respectfully submitted,

ARMAMENT SYSTEMS AND
PROCEDURES, INC.

One of its attorneys

William R. Grimm, 1938
Brent Canning, 5546
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)

Wanda E. Jones, Esq.
Jones Law Offices
60 N. Jefferson
P.O. Box 1759
Nashville, IN 47448

Richard S. Kuhlman, Esq.
Michael E. Pildes, Esq.
Wolin & Rosen, Ltd.
55 W. Monroe St.
Suite 3600
Chicago, IL 60603

**CERTIFICATE OF SERVICE**

I hereby certify that I mailed a copy of the foregoing Memorandum of Law in Support of Defendant's Motion to Compel Answers to Interrogatories and Production of Documents to all counsel of record listed below on May 26, 2005.

Craig M. Scott, Esq.
Christine K. Bush, Esq.
DUFFY, SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>ARMAMENT SYSTEMS AND PROCEDURES, INC. and COVE CUTLERY, LTD.,<br><br>Defendants. | : | C.A. NO. 03-528L |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiff, Emissive Energy Corporation ("Emissive"), hereby responds to the First Set of Interrogatories served by defendant, Armament Systems and Procures, Inc. ("ASP") as follows:

**INTERROGATORY NO. 1:**

Identify separately each of the claims of the '226 and '973 patents that EMISSIVE contends were and/or are infringed by ASP.

**RESPONSE TO INTERROGATORY NO. 1:**

Emissive contends that ASP infringes the claim of the '226 Patent. Emissive further contends that ASP's Eclipse infringes at least claims 1-6 of the '973 Patent.

**INTERROGATORY NO. 2:**

Describe in detail, including providing a claim chart setting forth on a claim-by-claim and limitation-by-limitation basis, EMISSIVE's factual basis for its contention that the accused ASP "ECLIPSE" LED flashlight product infringes any claim of the '226 Patent, and the '973

Patent, either literally or under the doctrine of equivalents including for each such product and limitation all documents (including page and line numbers) that support EMISSIVE's contention.

**RESPONSE TO INTERROGATORY NO. 2:**

**'226 PATENT**

| Claim of the '226 Patent | Present in Accused Device |
|---|---|
| An oval miniature flashlight as shown and described in Figures 1-6, including a demarcated area that is visibly raised | The ASP Accused Device includes an oval miniature flashlight as shown and described in Figures 1-6, including a demarcated area that is visibly raised |

**'973 PATENT**

| Claim 1 of the '973 Patent | Present in the Accused Device |
|---|---|
| 1. A housing for a flashlight assembly comprising: | The ASP Eclipse has a housing for a flashlight assembly |
| [a] a base having a bottom wall and a outer sidewall extending upwardly from said bottom wall, said bottom wall and said sidewall defining an open cavity; and | The ASP Eclipse has a bottom wall and an outer sidewall extending upwardly from the bottom wall. The bottom wall and sidewall define an open cavity |
| [b] a flexible cover having a top wall adapted to overlie and substantially close said open cavity, said flexible cover including mating formations, | The ASP Eclipse has a flexible cover having a top wall adapted to overlie and substantially close the open cavity. The flexible cover includes mating formations |
| [c] said mating formations interfittingly engaging within said open cavity of said base to retain said base and said flexible cover in assembled relation, | The mating formations of the ASP Eclipse interfittingly engage within the open cavity of the base to retain the base and the flexible cover in assembled relation |
| [d] said mating formations further including inwardly facing surfaces that cooperate to define an interior cavity within said open cavity for receiving a coin cell battery therein, said mating formations further being configured to interfittingly engage said battery to retain said battery in a stationary position within said open cavity when received therein, | The mating formations of the ASP Eclipse include inwardly facing surfaces that cooperate to define an interior cavity within the open cavity for receiving a coin cell battery therein. The mating formations are further configured to interfittingly engage the battery to retain the battery in a stationary position within the open cavity when received therein |
| [e] said top wall of said cover being sufficiently resilient to be depressed by a user | The top wall of the cover of the ASP Eclipse is resilient to be depressed by a user between an |

| | |
|---|---|
| between an outer relaxed configuration to an inner flexed configuration. | outer relaxed configuration to an inner flexed configuration |

| **Claim 2 of the '973 Patent** | **Present in the Accused Device** |
|---|---|
| The housing for a flashlight assembly of claim 1, wherein said mating formations on said cover include outwardly facing surfaces, that interfittingly engage inwardly facing surfaces of said outer sidewall to retain said base and said cover in assembled relation. | The ASP Eclipse includes the housing for a flashlight assembly of claim 1, wherein the mating formations on the cover include outwardly facing surfaces that interfittingly engage inwardly facing surfaces of the outer sidewall to retain the base and the cover in assembled relation |

| **Claim 3 of the '973 Patent** | **Present in the Accused Device** |
|---|---|
| The housing for a flashlight assembly of claim 1, wherein said inwardly facing surfaces of said mating formations comprise a plurality of discontinuous wall segments that cooperate to define said interior cavity. | The ASP Eclipse includes the housing for a flashlight assembly of claim 1, wherein the inwardly facing surfaces of the mating formations comprise a plurality of discontinuous wall segments that cooperate to define the interior cavity. |

| **Claim 4 of the '973 Patent** | **Present in the Accused Device** |
|---|---|
| The housing for a flashlight assembly of claim 1, wherein said interior cavity is substantially circular. | The ASP Eclipse includes the housing for a flashlight assembly of claim 1 with an interior cavity that is substantially circular. |

| **Claim 5 of the '973 Patent** | **Present in the Accused Device** |
|---|---|
| The housing for a flashlight assembly of claim 1, wherein a front portion of said base includes a seat within said open cavity for receiving a lighting element. | The ASP Eclipse includes the housing for a flashlight assembly of claim 1 with a front portion of the base that includes a seat within the open cavity for receiving a lighting element. |

| **Claim 6 of the '973 Patent** | **Present in the Accused Device** |
|---|---|
| The housing for a flashlight assembly of claim 1, said mating formations further comprising: tabs on said cover, said tabs have outwardly facing surfaces that engage with inwardly facing surfaces on the outer side wall frictionally retaining said cover to said housing, said tabs having inwardly facing | The ASP Eclipse includes the housing for a flashlight assembly of claim 1 with mating formation comprising tabs on the cover. The tabs have outwardly facing surfaces that engage with inwardly facing surfaces on the outer side wall frictionally retaining the cover to the housing. The tabs having inwardly facing |

| | |
|---|---|
| surfaces that engage the peripheral edge of the batteries. | surfaces that engage the peripheral edge of the batteries. |

**INTERROGATORY NO. 3:**

Identify each person having knowledge or information concerning EMISSIVE's infringement claims, including, without limitation, each person EMISSIVE expects to call as a fact or expert witness.

**RESPONSE TO INTERROGATORY NO. 3:**

At this time, Robert Galli. Emissive has not engaged at this time an expert to testify on its behalf at trial.

**INTERROGATORY NO. 4:**

State the factual basis for EMISSIVE's contention of willful patent infringement in this action of EMISSIVE's '226 and '973 Patents.

**RESPONSE TO INTERROGATORY NO. 4:**

According to ASP's answers to interrogatories, and an affidavit from ASP's owner, it began manufacturing the Eclipse in response to the introduction of the Emissive microlight. It is Emissive's contention that representatives of ASP deliberately copied the Emissive microlight and infringed the '226 and '973 Patents in the process.

**INTERROGATORY NO. 5:**

For each of the asserted patent claims, state the date(s) upon which the inventor first conceived the subject matter claimed in the '226 and '973 patents, the contribution each inventor made to the conception, the last known residence address and telephone number and business address of each inventor of the '226 and the '973 patents, and

identify all persons who can corroborate such activity.

**RESPONSE TO INTERROGATORY NO. 5:**

Robert Galli was the sole inventor of both the '226 and the '973 patents and made all contributions to the conception of the subject matter claimed in the '226 and '973 patents. Mr. Gallo may be reached through Emissive's counsel. It is believed that Mr. Galli first conceived the subject matter claimed in the '226 and '973 Patents in or about end of 1998.

**INTERROGATORY NO. 6:**

For each product sold by ASP [Emissive] that embodies the subject matter claimed in the '226 patent and the '973 patent, state:

a. the gross revenue for each such product;

b. the number of units sold of each such product;

c. the number of units manufactured of each such product;

d. the number of units imported of each such product;

e. the cost of goods sold of each such product;

f. the gross profits, gross margin, and standard margin for each such product;

g. the selling expenses of each such product;

h. the price at which each unit of each such product was sold;

i. the allocation of general, administrative, and corporate expenses for each such product.

j. returns of the INOVA product to EMISSIVE.

k. complaints about the INOVA to EMISSIVE.

l. any credits provided by EMISSIVE regarding returns of the INOVA

m. the manufacturer of each such product whether by your or some other entity or individual;

n. the importer and/or distributor of each such product whether by you or some other entity or individual.

**RESPONSE TO INTERROGATORY NO. 6:**

a. Emissive objects to Interrogatory 6(a) on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence;

b. Emissive objects to Interrogatory 6(b) on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence;

c. Emissive objects to Interrogatory 6(c) on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence;

d. None;

e. Emissive objects to Interrogatory 6(e) on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence;

f. Emissive objects to Interrogatory 6(f) on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence;

g. Emissive objects to Interrogatory 6(g) on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence;

h. Emissive objects to Interrogatory 6(h) on the grounds that it seeks

information not reasonably calculated to lead to the discovery of admissible evidence;

i. Emissive objects to Interrogatory 6(i) on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence;

j. Emissive objects to Interrogatory 6(j) on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence;

k. Emissive objects to subsection (k) on the grounds it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence;

l. Emissive objects to Interrogatory 6(l) on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence;

m. Emissive;

n. Emissive objects to Interrogatory 6(n) on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 7:**

Identify all documents and things referred to or relied upon in determining the answers to Interrogatory No. 6.

**RESPONSE TO INTERROGATORY NO. 7:**

None.

**INTERROGATORY NO. 8:**

Describe in detail EMISSIVE's contentions concerning any all damages it suffered for the alleged infringement of the '226 and '973 patents and any theories EMISSIVE intends to rely upon (e.g. reasonable royalty or lost profits), including without limitation the rationale of each such theory, the legal basis for such theory, the method or means of computation of damages for each such theory; identify all persons having knowledge of facts that support or otherwise relate to such contentions; and identify all documents that support or otherwise relate to such contentions.

**RESPONSE TO INTERROGATORY NO. 8:**

Emissive intends to rely solely on the theory of reasonable royalty and does not intend to seek lost profit damages. Because Emissive has not yet retained an expert to testify on its behalf at trial, it has no further information responsive to Interrogatory No. 8 at this time.

**INTERROGATORY NO. 9:**

Identify the name, employer, and last known address of each person who is knowledgeable about sales, marketing, costing, and pricing of EMISSIVE's products embodying subject matter disclosed or claimed in the '228 and '973 patents, including without limitation any handheld miniature LED flashlight marketed and/or sold by EMISSIVE.

**RESPONSE TO INTERROGATORY NO. 9:**

Emissive objects to Interrogatory No. 9 on the grounds that it is overly broad and unduly burdensome in that it seeks information concerning "any handheld miniature LED flashlight

marketed and/or sold by EMISSIVE." Emissive further objects to Interrogatory No. 9 on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 10:**

State when and where EMISSIVE became aware of the accused ASP product and identify all documents that refer or relate to that awareness.

**RESPONSE TO INTERROGATORY NO. 10:**

It is believed that Emissive first became aware of the Eclipse within three or four months of ASP's first sales of the Eclipse. At this time there are no non-privileged documents that refer or relate to that awareness.

**INTERROGATORY NO. 11:**

State the date(s) upon which each model of the INOVA was first offered for sale in the United States by EMISSIVE or any other person or entity.

**RESPONSE TO INTERROGATORY NO. 11:**

Emissive has never offered for sale or sold a product called an "INOVA."

**INTERROGATORY NO. 12:**

Identify each person who contributed to or assisted in the preparation of EMISSIVE's answer to these interrogatories, and state their relationship to EMISSIVE.

**RESPONSE TO INTERROGATORY NO. 12:**

Other than counsel, Robert Galli.

**INTERROGATORY NO. 13:**

If EMISSIVE believes or will assert that the '226 Patent or the '973 Patent is not obvious as a result of commercial success, fulfillment of a long felt need in the art, copying by others, synergism, industry, academic or other tributes or accolades, or any other indicator of nonobviousness, describe in detail each of the indicator(s) of nonobviousness that EMISSIVE intends to rely on, and identify all person having knowledge thereof and all documents relating thereto.

**RESPONSE TO INTERROGATORY NO. 13:**

At this point, Emissive does not assert that the '226 Patent or the '973 Patent are not obvious as a result of commercial success, fulfillment of a long felt need in the art, copying by others, synergism, industry, academic or other tributes or accolades.

**INTERROGATORY NO. 14:**

Provide all Universal Product Codes (UPC) used by EMISSIVE in the sale or dissemination of the INOVA and the date or dates when each such UPC code was first used.

**RESPONSE TO INTERROGATORY NO. 14:**

Emissive does not sell or disseminate a product called an "INOVA."

**INTERROGATORY NO. 15:**

Identify any and all witnesses whom you expect to use to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, and provide the following for each such witness:

(A) a complete statement of all opinions to be expressed and the basis and reasons therefore, and all drafts and reports thereof;

(B) identify the data including but not limited to documents, research, surveys, studies, or other information of any kind considered or reviewed by the witness, whether or

not used in forming the witnesses' opinions;

(C) identify any exhibits to be used as a summary of or support for the opinions;

(D) the qualifications of the witness, including a resume or curriculum vitae for the witness which includes a list of all publications authored by the witness within the preceding ten years;

(E) the compensation to be paid or already paid to the witness for all work performed in connection with this case including but not limited to formulating opinions, giving depositions, testimony at trial and the total compensation to be paid to the witness;

(F) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years; and

(G) identify all notes, working papers, drafts, notes, reports, and memoranda created or generated by or for the witness in connection with this case.

(H) A listing of all other cases or legal matters during the last four years where the witness has been retained as an expert by the law firm or firms representing the plaintiff in this case, including but not limited to identification of the court where each such case or legal matter was pending, the name of the party represented by the law firm at issue, the names of the opposing party, the name of counsel representing each party, the identifying number of the case or matter, and the resolution of the case or matter.

RESPONSE TO INTERROGATORY NO. 15:

Emissive objects to Interrogatory No. 15 because it seeks information outside the scope required by Rule 26. Without waiving said objection and subject specifically thereto, Emissive has not determined whom it expects to use to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

As to Answers:
EMISSIVE ENERGY CORPORATION

Robert Galli, Chief Executive Officer

State of Rhode Island
County of WASHINGTON

In NORTH KINGSTOWN, in said County on the 27 day of April, 2005, before me personally appeared ROBERT GALLI, to me known and known by me to be the party executing the foregoing instrument, and acknowledged said instrument, by him to be his free act and deed.

exp 5/2008
Notary Public

As to Objections
Respectfully submitted,

EMISSIVE ENERGY CORPORATION
By its Attorneys

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700

**RESPONSE TO INTERROGATORY NO. 15:**

Emissive objects to Interrogatory No. 15 because it seeks information outside the scope required by Rule 26. Without waiving said objection and subject specifically thereto, Emissive has not determined whom it expects to use to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

As to Answers:
EMISSIVE ENERGY CORPORATION

______________________________
Robert Galli, Chief Executive Officer

State of Rhode Island
County of ______________

In ________________, in said County on the _____ day of April, 2005, before me personally appeared ______________, to me known and known by me to be the party executing the foregoing instrument, and acknowledged said instrument, by him to be his free act and deed.

______________________________
Notary Public

As to Objections
Respectfully submitted,

EMISSIVE ENERGY CORPORATION
By its Attorneys

4/27/05

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700

**CERTIFICATE OF SERVICE**

TO: William R. Grimm, Esq.
Brent R. Canning, Esq.
1500 Fleet Center
Hinckley Allen & Snyder LLP
Providence, Rhode Island 02903

I hereby certify that on this 27th day of April 2005, I caused to be forwarded by First Class Mail a copy of the within *Plaintiff's Responses to Defendant's First Set of Interrogatories* to the above-named counsel of record.

Linda A. Cardente

*H:\Clients\Emissive Energy\ASP\ASP (RHODE ISLAND)\pleadings\Ans First Set Inters 4-26-05.DOC*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION, Plaintiff, | : | |
| vs. | : | C.A. NO. 03-528L |
| ARMAMENT SYSTEMS AND PROCEDURES, INC. and COVE CUTLERY, LTD., Defendants. | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION**

Plaintiff, Emissive Energy Corporation ("Emissive"), hereby responds to the First Request for Production of Documents served by defendant, Armament Systems and Procures, Inc. ("ASP") as follows:

**GENERAL OBJECTIONS**

Emissive objects to ASP's First Request for Production of Documents to the extent it seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Emissive will not produce any privileged documents.

Emissive further objects to ASP's First Request for Production of Documents to the extent it seeks information concerning any Emissive product other than the microlight as no other Emissive product is referenced in the Complaint.

**REQUEST NO. 1**:

Each document identified as part of any of EMISSIVE'S interrogatory responses.

**RESPONSE TO REQUEST NO. 1:**

Emissive provides herewith documents responsive to Request No. 1.

**REQUEST NO. 2**:

Each document relied upon or referred to by EMISSIVE in preparing responses to any of the interrogatories.

**RESPONSE TO REQUEST NO. 2:**

Emissive provides herewith documents responsive to Request No. 2.

**REQUEST NO. 3**:

Each document and thing that refers or relates to the conception and/or reduction to practice of the alleged inventions claimed in the '226 Patent.

**RESPONSE TO REQUEST NO. 3:**

Emissive objects to Request No. 3 on the grounds it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections and subject specifically thereto, Emissive will provide documents responsive to Request No. 3.

**REQUEST NO. 4**:

Each document and thing that refers or relates to the conception and/or reduction to practice of the alleged inventions claimed in the '973 Patent.

**RESPONSE TO REQUEST NO. 4:**

Emissive objects to Request No. 4 on the grounds it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said

objections and subject specifically thereto, Emissive will provide documents responsive to Request No. 4.

**REQUEST NO. 5**:

Each document and thing that refers or relates to the creation, development and/or testing of the subject matter of the '226 Patent.

**RESPONSE TO REQUEST NO. 5:**

Emissive objects to Request No. 5 on the grounds it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections and subject specifically thereto, Emissive will provide documents responsive to Request No. 5.

**REQUEST NO. 6**:

Each document and thing that refers or relates to the creation, development and/or testing of the subject matter of the '973 Patent.

**RESPONSE TO REQUEST NO. 6:**

Emissive objects to Request No. 6 on the grounds it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections and subject specifically thereto, Emissive will provide documents responsive to Request No. 6.

**REQUEST NO. 7**:

Each document and thing that refers or relates to the first disclosure of the subject matter of the '226 Patent by the inventors to EMISSIVE or any third party or by EMISSIVE to any

**REQUEST NO. 9**:

Each document and thing that refers or relates to EMISSIVE's first awareness of ASP's "Eclipse" product that allegedly infringes the '226 and '973 Patents or that mentions directly or indirectly ASP's allegedly infringing product.

**RESPONSE TO REQUEST NO. 9:**

Emissive objects to Request No. 9 on the grounds that it seeks information protected from disclosure by the attorney-client privilege and the work product doctrine. Without waiving said objection and subject specifically thereto, there are no non-privileged documents responsive to Request No. 9.

**REQUEST NO. 10**:

Each document which constitutes, refers or relates to the decision to file, or the preparation or prosecution of, the application for the '226 Patent, including, but not limited to, each communication between ASP's [Emissive's] patent attorney and the U.S. Patent and Trademark Office, attorneys' work files, parent applications, divisionals, continuations, reexaminations, and reissues.

**RESPONSE TO REQUEST NO. 10:**

Emissive objects to Request No. 10 on the grounds that it seeks information protected from disclosure by the attorney-client privilege and the work product doctrine. Without waiving said objection and subject specifically thereto, Emissive produces herewith non-privileged documents responsive to Request No. 10.

**REQUEST NO. 11**:

Each document which constitutes, refers or relates to the decision to file, or the preparation or prosecution of, the application for the '973 Patent, including, but not limited to, each communication between ASP's [Emissive's] patent attorney and the U.S. Patent and Trademark Office, attorneys' work files, parent applications, divisionals, continuations, reexaminations, and reissues.

**RESPONSE TO REQUEST NO. 11:**

Emissive objects to Request No. 11 on the grounds that it seeks information protected from disclosure by the attorney-client privilege and the work product doctrine. Without waiving said objection and subject specifically thereto, Emissive produces herewith non-privileged documents responsive to Request No. 11.

**REQUEST NO. 12.**

Each document relating in any way to the present ownership, transfers of ownership, or title to the '226 Patent.

**RESPONSE TO REQUEST NO. 12:**

Emissive produces herewith documents responsive to Request No. 12.

**REQUEST NO. 13**:

Each document relating in any way to the present ownership, transfers of ownership, or title to the '973 Patent.

**RESPONSE TO REQUEST NO. 13:**

Emissive produces herewith documents responsive to Request No. 13.

**PRODUCTION REQUEST NO. 14.**

Each document concerning, referring or relating to any licenses granted under the '226 Patent or any other grants of rights to any inventions covered by the '226 Patent.

**RESPONSE TO REQUEST NO. 14:**

There are no documents responsive to Request No. 14.

**REQUEST NO. 15**:

Each document concerning, referring or relating to any licenses granted under the '973 Patent or any other grants of rights to any inventions covered by the '973 Patent.

**RESPONSE TO REQUEST NO. 15:**

There are no documents responsive to Request No. 15.

**REQUEST NO. 16**:

A sample of each patent notice placed on each product allegedly covered by the '226 Patent and all documents evidencing the dates of affixation of each patent notice on each product allegedly covered by the '226 Patent.

**RESPONSE TO REQUEST NO. 16:**

Emissive objects to Request No. 16 on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, Emissive produces herewith a sample of patent notices placed on Emissive products covered by the '226 Patent.

**REQUEST NO. 17**:

A sample of each patent notice placed on each product allegedly covered by the '973 Patent

and all documents evidencing the dates of affixation of each patent notice on each product allegedly covered by the '973 Patent.

**RESPONSE TO REQUEST NO. 17:**

Emissive objects to Request No. 17 on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, Emissive produces herewith a sample of patent notices placed on Emissive products covered by the '973 Patent.

**REQUEST NO. 18:**

Each document and thing that EMISSIVE contends supports its claim that ASP's "Eclipse" LED flashlight infringes the '226 Patent.

**RESPONSE TO REQUEST NO. 18:**

Emissive contends that the ASP Eclipse product infringes the '226 Patent. The '226 Patent and samples of the ASP Eclipse are in the custody of ASP.

**REQUEST NO. 19:**

Each document and thing that EMISSIVE contends supports its claim that ASP's "Eclipse" LED flashlight infringes the '973 Patent.

**RESPONSE TO REQUEST NO. 19:**

Emissive contends that the ASP Eclipse product infringes the '973 Patent. The '973 Patent and samples of the ASP Eclipse are in the custody of ASP.

**REQUEST NO. 20:**

A physical sample of each model of the INOVA and any other LED flashlight

manufactured or sold which contains the physical embodiment of either the '226 or the '973 patents.

**RESPONSE TO REQUEST NO. 20:**

Emissive objects to Request No. 20 on the grounds it is overly broad. Without waiving said objection and subject specifically thereto, Emissive will make available for inspection a physical sample of the microlight, to the extent ASP does not already have a sample.

**REQUEST NO. 21**:

All documents referring or relating to the design, development, construction, and/or operation of each and every LED flashlight developed, made, used, offered for sale, or sold by EMISSIVE.

**RESPONSE TO REQUEST NO. 21:**

Emissive objects to Request No. 21 on the grounds it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Documents related to the design, development, construction, and/or operation of the Emissive microlight are produced herewith in response to Requests Nos. 5 and 6, to the extent any exist.

**REQUEST NO. 22**:

Each document, including drawings, brochures, sales literature, ads, technical literature, engineering data and other documents, relating to the development, design, engineering, patterning, molding, manufacturing, sales and offers for sale of LED flashlights by EMISSIVE.

**RESPONSE TO REQUEST NO. 22:**

Emissive objects to Request No. 22 on the grounds it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 23**:

Each document setting forth or relating to the organizational structure of EMISSIVE, including designations of the officers, executives, partners, members and/or managers of EMISSIVE.

**RESPONSE TO REQUEST NO. 23:**

There are no documents responsive to Request No. 23.

**REQUEST NO. 24**:

All documents that refer or relate to communications between EMISSIVE and ASP concerning the '226 and/or '973 patents before this action was commenced.

**RESPONSE TO REQUEST NO. 24:**

Emissive objects to Request No. 24 on the grounds that it seeks information protected from disclosure by the attorney-client privilege and work product doctrine. Without waiving said objections, there are no non-privileged documents responsive to Request No. 24.

**REQUEST NO. 25**:

All documents and things relating to the sales and marketing efforts by or on behalf of EMISSIVE regarding any LED lights including, but not limited to, communications and correspondence between EMISSIVE and all actual or potential distributors, importers, wholesalers, manufacturers, manufacturers' representatives, retailers, agents, advertising agencies, fulfillment agents, trade publications, or periodicals, or any other individuals or entities with whom, or with which, Plaintiff exchanged such documents.

**RESPONSE TO REQUEST NO. 25:**

Emissive objects to Request No. 25 on the grounds it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 26**:

All documents and things that identify, refer, or relate to any and all of any Defendant's customers or potential customers for LED lights, and communications and correspondence therewith.

**RESPONSE TO REQUEST NO. 26:**

Emissive objects to Request No. 26 on the grounds it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 27**:

All reports or other documents that either state or summarize the following information, or from which all or any part of the following information may be derived:

(A) the quantity of any LED lights manufactured, imported, offered for sale, sold, consigned, or exchanged for other goods by EMISSIVE, identifying each light by name or model number, and the price at which, and the date on which, each such LED light was sold or offered for sale, consigned or exchanged or other goods by the EMISSIVE through the present;

(B) EMISSIVE's inventory levels, in units and dollars, of any LED lights;

(C) the quantity and value of all LED lights manufactured, imported, sold, offered for sale, consigned, or exchanged for other goods, shipped or sent to any entity or customer by or on behalf of EMISSIVE through the present;

(D) the direct or indirect, fixed or variable costs attributable to the manufacture, production, and/or purchase of LED lights by EMISSIVE;

(E) the net profit that EMISSIVE has realized from the sale or exchange for other goods of any LED lights on a monthly basis;

(F) customer returns and credits granted to customers for return of LED lights to EMISSIVE;

(G) complaints received by EMISSIVE or any of EMISSIVE's distributors or dealers regarding any LED lights.

**RESPONSE TO REQUEST NO. 27:**

Emissive objects to Request No. 27 on the grounds it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Emissive is not seeking lost profits.

**REQUEST NO. 28**:

Each document sent to or received from any other person, company, or other entity, including any officer, employee, representative or agent of such other company, or entity regarding the infringement, validity, and/or enforceability of the '973 Patent.

**RESPONSE TO REQUEST NO. 28:**

Emissive objects to Request No. 28 on the grounds that it seeks information protected from disclosure by the attorney-client privilege and work product doctrine. Without waiving said objections, there are no non-privileged documents responsive to Request No. 28.

**PRODUCTION REQUEST NO. 29:**

Each document sent to or received from any other person or company, including any officer, employee, representative or agent of such other company, regarding the infringement, validity, and/or enforceability of the '226 Patent.

**RESPONSE TO REQUEST NO. 29:**

Emissive objects to Request No. 29 on the grounds that it seeks information protected from disclosure by the attorney-client privilege and work product doctrine. Without waiving said

objections, there are no non-privileged documents responsive to Request No. 29.

**REQUEST NO. 30**:

Except for the prior art patents and publications identified in the United States Patent & Trademark Office file of the '226 Patent, copies of each prior art patent, published patent application, inventor's certificate or other publications presently known to EMISSIVE relating to the validity or enforceability of the '226 Patent.

**RESPONSE TO REQUEST NO. 30:**

There are no documents responsive to Request No. 30.

**REQUEST NO. 31**:

Except for the prior art patents and publications identified in the United States Patent & Trademark Office file of the '973 Patent, copies of each prior art patent, published patent application, inventor's certificate or other publications presently known to EMISSIVE relating to the validity or enforceability of the '973 Patent.

**RESPONSE TO REQUEST NO. 31:**

There are no documents responsive to Request No. 31.

**REQUEST NO. 32**:

Each document constituting, referring or relating to any opinion, whether of counsel or otherwise, regarding the scope, validity and/or enforceability of the '226 Patent.

**RESPONSE TO REQUEST NO. 32:**

Emissive objects to Request No. 32 on the grounds that it seeks information protected from disclosure by the attorney-client privilege and work product doctrine. Without waiving said

objections, there are no non-privileged documents responsive to Request No. 32.

**REQUEST NO. 33**:

Each document constituting, referring or relating to any opinion, whether of counsel or otherwise, regarding the scope, validity and/or enforceability of the '973 Patent.

**RESPONSE TO REQUEST NO. 33:**

Emissive objects to Request No. 33 on the grounds that it seeks information protected from disclosure by the attorney-client privilege and work product doctrine. Without waiving said objections, there are no non-privileged documents responsive to Request No. 33.

**REQUEST NO. 34**:

Each document showing sales of LED flashlights manufactured or sold by EMISSIVE, including, for example, sales invoices, customer purchase orders, shipping documents and correspondence.

**RESPONSE TO REQUEST NO. 34:**

Emissive objects to Request No. 34 on the grounds it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Emissive further objects to Request No. 34 because Emissive is not seeking damages for lost profits, so its sales information is irrelevant.

**REQUEST NO. 35**:

Each document which EMISSIVE contends supports its claim that ASP willfully infringed EMISSIVE's '226 patent.

**RESPONSE TO REQUEST NO. 35:**

Emissive objects to Request No. 35 on the grounds that it seeks information protected from disclosure by the attorney-client privilege and work product doctrine. Without waiving said objections, as discovery is ongoing, there are no non-privileged documents responsive to Request No. 35 at this time.

**REQUEST NO. 36**:

All documents referring or relating to projections of sales, actual sales, prices, profitability, net profit margins, and/or gross profit margins for each and every LED flashlight made, offered for sale, and/or sold by EMISSIVE.

**RESPONSE TO REQUEST NO. 36:**

Emissive objects to Request No. 36 on the grounds it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Emissive further objects to Request No. 36 because Emissive is not seeking damages for lost profits, so its profit information is irrelevant.

**REQUEST NO. 37**:

All documents referring or relating to any agreement, understanding, or contract between EMISSIVE and any party concerning LED flashlights including, but not limited to, indemnifications, licenses, assignments, and covenants not to sue with respect to such LED flashlights, rights relating thereto, and/or the '226 and/or '973 Patents.

**RESPONSE TO REQUEST NO. 37:**

Emissive objects to Request No. 37 on the grounds it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence.

**<u>REQUEST NO. 38</u>**:

All documents referring or relating to any royalty payments, license fees, or user fees paid or received by EMISSIVE for LED flashlights.

**<u>RESPONSE TO REQUEST NO. 38:</u>**

Emissive objects to Request No. 38 on the grounds it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections and subject specifically thereto, <u>see</u> document produced in response to Request No. 37.

**<u>REQUEST NO. 39</u>**:

All documents referring or relating to any evaluation or negotiations between EMISSIVE and any other party to license technology relating to LED flashlights, including, without limitation, any correspondence relating thereto.

**<u>RESPONSE TO REQUEST NO. 39:</u>**

Emissive objects to Request No. 39 on the grounds it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections and subject specifically thereto, Emissive has no documents responsive to Request No. 39 that concern the microlight.

**<u>REQUEST NO. 40</u>**:

All documents referring or relating to any evaluation, investigation, study, or test concerning the infringement of the ‘973 Patent by any LED flashlight developed, made, used, offered for sale, sold or leased by ASP including, but not limited to, oral or written opinions of counsel.

**RESPONSE TO REQUEST NO. 40:**

Emissive objects to Request No. 40 on the grounds that it seeks information protected from disclosure by the attorney-client privilege and work product doctrine. Without waiving said objections, there are no non-privileged documents responsive to Request No. 40.

**REQUEST NO. 41**:

All documents and things relating to the qualifications and experience of any expert witness(es) retained by EMISSIVE including, but not limited to, any curriculum vitae, all publications authored by any such expert witness, and all treatises, learned texts, and any other such documents and things upon which such expert witness may rely.

**RESPONSE TO REQUEST NO. 41:**

Emissive has not retained an expert to testify on its behalf in this matter, so there are no documents responsive to this Request. Emissive will supplement its response to this Request, as appropriate, on or about July 18, 2005.

**REQUEST NO. 42**:

All documents and things provided to any expert witness.

**RESPONSE TO REQUEST NO. 42:**

Emissive has not retained an expert to testify on its behalf in this matter, so there are no documents responsive to this Request. Emissive will supplement its response to this Request as necessary on or about July 18, 2005.

**REQUEST NO. 43**:

All documents and things relating to any engineering evaluation of the ECLIPSE.

**RESPONSE TO REQUEST NO. 43:**

There are no documents responsive to Request No. 43.

**REQUEST NO. 44**:

All documents and things relating to revenues received, prices charged discounts given, costs incurred, margins, and/or profits earned or losses sustained by EMISSIVE in connection with the manufacture, marketing, offer for sale, distribution, import and/or sale of each type or model of any miniature handheld flashlight of EMISSIVE.

**RESPONSE TO REQUEST NO. 44:**

Emissive objects to Request No. 44 on the grounds it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Emissive further objects to Request No. 44 because Emissive is not seeking damages for lost profits, so its sales and revenue information is irrelevant.

**REQUEST NO. 45**:

Each document or thing which EMISSIVE contends supports its claim that ASP willfully infringed EMISSIVE's '973 patent.

**RESPONSE TO REQUEST NO. 45:**

Emissive objects to Request No. 45 on the grounds that it seeks information protected from disclosure by the attorney-client privilege and work product doctrine. Without waiving said objections, as discovery is ongoing, there are no non-privileged documents responsive to Request No. 45 at this time.

**REQUEST NO. 46:**

All documents which EMISSIVE contends, or will contend at trial, concern any of the factors set forth in *Georgia-Pacific Corp. v. United States Plywood,* 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) or the royalty rate or rates that EMISSIVE contends or will contend at trial constitute a "reasonable royalty" under 35 U.S.C. 284 for the alleged infringement.

**RESPONSE TO REQUEST NO. 46:**

Emissive has not retained an expert to testify on its behalf in this matter, so there are no documents responsive to this Request. Emissive will supplement its response to this Request, as appropriate, on or about July 18, 2005.

**REQUEST NO. 47:**

All documents that EMISSIVE intends to introduce at trial in support of its case.

**RESPONSE TO REQUEST NO. 47:**

Emissive has not determined which documents it intends to introduce at trial. Emissive will supplement its response to this Request, as appropriate.

**REQUEST NO. 48:**

All documents relating or referring to the location of the INOVA within retail establishments including but not limited to planograms.

**RESPONSE TO REQUEST NO. 48:**

Emissive has no documents responsive to Request No. 48.

**REQUEST NO. 49:**

All documents referring or relating to any evaluation, investigation, study, or test

concerning the infringement of the '226 Patent by any LED flashlight developed, made, used, offered for sale, sold or leased by ASP including, but not limited to, oral or written opinions of counsel.

**RESPONSE TO REQUEST NO. 49:**

Emissive objects to Request No. 49 on the grounds that it seeks information protected from disclosure by the attorney-client privilege and work product doctrine. Without waiving said objections, there are no non-privileged documents responsive to Request No. 49.

**REQUEST NO. 50**:

All documents and things related to the identity of any and all suppliers and/or manufacturers of components and parts used in each hand held miniature flashlight manufactured, imported, distributed, or otherwise disseminated by Defendant.

**RESPONSE TO REQUEST NO. 50:**

Emissive objects to Request No. 50 on the grounds it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence.

Respectfully submitted,

EMISSIVE ENERGY CORPORATION
By its Attorneys

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Fax.)

Dated: April 27, 2005

## CERTIFICATE OF SERVICE

TO: William R. Grimm, Esq.
Brent R. Canning, Esq.
1500 Fleet Center
Hinckley Allen & Snyder LLP
Providence, Rhode Island 02903

I hereby certify that on this 27th day of April 2005, I caused to be forwarded by First Class Mail a copy of the within *Plaintiff's Responses to Defendant's First Request for Production of Documents* to the above-named counsel of record.

Linda A. Cardente

*H:\Clients\Emissive Energy\ASP\ASP (RHODE ISLAND)\pleadings\Response First RFP.DOC*

individual or entity not owned or controlled by EMISSIVE. Identify the first sale or offer for sale of the subject matter of the '226 Patent, the first description of the subject matter of the '226 Patent in a printed publication, and/or the first public use of the subject matter of the '226 Patent.

**RESPONSE TO REQUEST NO. 7:**

Emissive objects to Request No. 7 to the extent it purports to require a narrative response by asking Emissive to "identify" facts. Emissive further objects to Request No. 7 on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence: in its responses to Emissive's Second Set of Interrogatories, ASP stated that it is not asserting as a defense that the '226 Patent is invalid.

**REQUEST NO. 8**:

Each document and thing that refers or relates to the first disclosure of the subject matter of the '973 Patent by the inventors to EMISSIVE or any third party or by EMISSIVE to any individual or entity not owned or controlled by EMISSIVE. Identify the first sale or offer for sale of the subject matter of the '973 Patent, the first description of the subject matter of the '973 Patent in a printed publication, and/or the first public use of the subject matter of the '973 Patent.

**RESPONSE TO REQUEST NO. 8:**

Emissive objects to Request No. 8 to the extent it purports to require a narrative response by asking Emissive to "identify" facts. Emissive further objects to Request No. 8 on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence.