UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>ARMAMENT SYSTEMS AND PROCEDURES, INC. and COVE CUTLERY, LTD.,<br><br>Defendants. | : | C.A. NO. 03-528L |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

Plaintiff, Emissive Energy Corporation ("Emissive"), hereby objects to defendant, Armament Systems and Procures, Inc.'s, Motion to Compel Answers to Interrogatories. In support of its Objection, Emissive relies on the Memorandum of Law filed herewith.

Respectfully submitted,

EMISSIVE ENERGY CORPORATION
By its Attorneys

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: June 9, 2005

**CERTIFICATE OF SERVICE**

TO: William R. Grimm, Esq.
Brent R. Canning, Esq.
1500 Fleet Center
Hinckley Allen & Snyder LLP
Providence, Rhode Island 02903

Richard S. Kuhlman
Wolin & Rosen, Ltd.
55 West Monroe Street, Suite 3600
Chicago, IL 60603

Wanda E. Jones, Esq.
Jones Law Office
60 North Jefferson
P. O. Box 1759
Nashville, IN 47448-1759

I hereby certify that on this 9 day of June, 2005, I caused to be forwarded by First Class Mail a copy of the within *Objection* to the above-named counsel of record.

Theresa Benson

*H:\Clients\Emissive Energy\ASP\ASP (RHODE ISLAND)\pleadings\Obj MCompel Ints.DOC*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>ARMAMENT SYSTEMS AND PROCEDURES, INC. and COVE CUTLERY, LTD.,<br><br>Defendants. | : | C.A. NO. 03-528L |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

Defendant, Armament Systems and Procedures, Inc. ("ASP") has moved for an Order of this Court compelling plaintiff, Emissive Energy Corporation ("Emissive"), to respond to three interrogatories: Interrogatory No. 6, Interrogatory No. 7, and Interrogatory No. 10. As there is no factual or legal basis for ASP's request concerning Interrogatories 6 and 7, and Emissive has clarified its response to Interrogatory No. 10, Emissive respectfully requests that ASP's Motion be denied.

**DISCOVERY IN DISPUTE**

**INTERROGATORY NO. 6:**

In Interrogatory No. 6, ASP sought, for the period of January 1, 2000 through the present: (1) the gross revenue for each product sold by Emissive that embodies the '973 Patent and/or the '226 Patent; (2) the number of units sold of each such product; (3) the number of units manufactured of each such product; the number of units imported of each such product; (5) the

cost of goods sold of each such product; (6) the gross profits, gross margin, and standard margin for each such product; (7) the selling expenses of each such product; (8) the price at which each unit of each such product was sold; (9) the allocation of general, administrative, and corporate expenses for each such product; (10) returns of the INOVA product to EMISSIVE; (11) complaints about the INOVA to EMISSIVE; (12) any credits provided by EMISSIVE regarding returns of the INOVA; and (13) the importer and/or distributor of each such product whether by you or some other entity or individual.

Emissive did not produce the information because it is not relevant. Thereafter, ASP filed its Motion to Compel arguing that it needs five years worth of financial information from Emissive to assist it in calculating the reasonable royalty it should pay Emissive for its infringement. ASP cited one case, *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), modified and aff'd, 446 F.2d 295 (2d Cir.), cert. denied, 404 U.S. 870, 30 L. Ed. 2d 114, 92 S. Ct. 105 (1971), as the basis for its argument.[1]

Even assuming it has precedential value in this district or is applicable to this case,[2] *Georgia-Pacific* does not support ASP's stance that it is entitled to a wide array of financial information. In determining a reasonable royalty, the Federal Circuit has "endorsed the conceptual framework of a hypothetical negotiation between patentee and infringer as a means for determining a reasonable royalty." *Interactive Pictures Corp. v. Infinite Pictures, Inc.*, 274

[1] Neither this Court nor the First Circuit Court of Appeals has cited *Georgia-Pacific* in the thirty-four years since it was decided by the United States District Court for the Southern District of New York.

[2] Emissive discusses the *Georgia-Pacific* factors because ASP raised and relied on them; Emissive does not concede that those factors should be applied in this case.

F.3d 1371, 1384 (Fed. Cir. 2001). Factors relevant in a reasonable royalty determination using this method may include those set out in Georgia-Pacific. *See Unisplay, S.A. v. Am. Elec. Sign Co.*, 69 F.3d 512, 517 n.7 (Fed. Cir. 1995). The *Georgia-Pacific* case enunciates factors a fact finder may consider in determining what damages to assess for infringement based on "hypothetical negotiations" between the patentee and infringer. *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1579 (Fed. Cir. 1996).[3]

ASP relies on *Georgia-Pacific* Factor 8 ("The established profitability of the product made under the patent; its commercial success; and its current popularity") to support its effort to collect over five years of Emissive's financial information. But Factor 8 addresses three things: established profitability, commercial success and current popularity. Nothing in Factor 8 entitles ASP to (1) the gross revenue for each product sold by Emissive that embodies the '973 Patent and/or the '226 Patent; (2) the number of units manufactured of each such product; (3) the cost of goods sold of each such product; (4) the gross profits, gross margin, and standard margin for each such product; (5) the selling expenses of each such product; (6) the price at which each unit of each such product was sold; (7) the allocation of general, administrative, and corporate expenses for each such product; (8) returns of the product to EMISSIVE; (9) complaints about the INOVA to EMISSIVE; (12) any credits provided by EMISSIVE regarding returns of the INOVA; or (10) the identity of each importer and/or distributor of each product.

Moreover, since *Georgia-Pacific* was decided, the Federal Circuit has emphasized repeatedly that, in considering the "hypothetical negotiation" framework, "the negotiation must

[3] The determination of the amount of damages based on a reasonable royalty is an issue of fact. *SmithKline Diagnostics, Inc. v. Helena Lab. Corp.*, 926 F.2d 1161, 1164 (Fed. Cir. 1991).

be hypothesized as of the time infringement began." *Interactive Pictures*, 274 F.3d at 1384; *see also Unisplay,* 69 F.3d at 518 (rejecting expert testimony where the court found that the expert was testifying to what the parties might arrive at the time of the trial and concluding that such "testimony was not directed to the proper reasonable royalty criterion and therefore cannot support the jury's verdict"); *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1079 (Fed. Cir. 1983) ("The key element in setting a reasonable royalty . . . is the necessity for return to the date when the infringement began") (quoting *Panduit Corp. v. Stahlin Bros. Fibre Works*, 575 F.2d 1152, 1158 (6th Cir. 1978)).

ASP has sworn that it conceived of the accused product between June 17, 1997 and September 23, 2000. (Exhibit A, pp. 2-3, Defendant's Supplemental Answer to Interrogatory No. 4.)[4] It purportedly ordered tooling and began selling the accused work shortly thereafter. Accordingly, to the extent ASP is entitled to any of the information it seeks, it is limited to information as of September 23, 2000, which is when the hypothetical negotiations would have begun as represented by ASP. Since it is in ASP's interests to limit any damages assessed against it, presumably ASP will argue that Emissive's royalty damages are limited to September 23, 2000, and accordingly it needs no information beyond that period.

Accordingly, since ASP's Interrogatories and its Motion to Compel seek five years of financial information, most of which is not included within *Georgia-Pacific* Factor 8 and the rest of which is irrelevant to the limited scope of the reasonable royalty calculation, ASP's Motion to Compel concerning Interrogatory No. 6 should be denied.

---

[4] Without further discovery, Emissive cannot know whether this statement is true but at this time has no choice but to rely on ASP's sworn testimony concerning its purported dates of conception.

**Interrogatory No. 7:**

In Interrogatory No. 7, ASP sought the documents and things referred to or relied upon in determining Emissive's answers to Interrogatory No. 6. Since ASP's discovery request was improper and Emissive interposed objections, there were no documents to be identified in response to Interrogatory No. 7. Assuming ASP's Motion to Compel with respect to Interrogatory No. 6 is denied, its Motion to Compel concerning Interrogatory No. 7 also should be denied.

**Interrogatory No. 10:**

Interrogatory No. 10 requested that Emissive state when and where it became aware of the accused ASP product and identify all documents that refer or relate to that awareness. Emissive fully responded to the Interrogatory and indicated that "at this time" there are no non-privileged documents to be identified. Though Emissive believes that its response is proper, it will clarify that there are no documents (privileged or non-privileged) to be identified in response to Interrogatory No. 10 at this time.

Respectfully submitted,

EMISSIVE ENERGY CORPORATION
By its Attorneys

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: June 9, 2005

**CERTIFICATE OF SERVICE**

TO: William R. Grimm, Esq.
Brent R. Canning, Esq.
1500 Fleet Center
Hinckley Allen & Snyder LLP
Providence, Rhode Island 02903

Richard S. Kuhlman, Esq.
Wolin & Rosen, Ltd.
55 West Monroe Street, Suite 3600
Chicago, IL 60603

Wanda E. Jones, Esq.
Jones Law Office
60 North Jefferson
P. O. Box 1759
Nashville, IN 47448-1759

I hereby certify that on this 9 day of June, 2005, I caused to be forwarded by First Class Mail a copy of the within *Memorandum of Law* to the above-named counsel of record.

Theresa Benson

*H:\Clients\Emissive Energy\ASP\ASP (RHODE ISLAND)\pleadings\Mem Obj MCompel Ints.DOC*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMISSIVE ENERGY CORPORATION,<br>Plaintiff,<br>v.<br>ARMAMENT SYSTEMS AND PROCEDURES, INC. and COVE CUTLERY, LTD.,<br>Defendants. | Civil Action No. 03-528L<br>Judge Lagueux<br>Magistrate Judge Martin |

**DEFENDANT ARMAMENT SYSTEMS AND PROCEDURES, INC.'S SUPPLEMENTAL DISCOVERY RESPONSES SUBJECT TO THE HEARING HELD BEFORE THE HONORABLE DAVID L. MARTIN ON MARCH 21, 2005**

Comes now defendant, Armament Systems & Procedures, Inc. ("ASP"), by counsel, Brent R. Canning of Hinckley Allen & Snyder, Wanda E. Jones of the Jones Law Offices; and Richard S. Kuhlman of Wolin & Rosen; and for its Supplemental Discovery Responses subject to the hearing held before the Honorable David L. Martin on March 21, 2005, states as follows:

**RESPONSES TO PRODUCTION REQUESTS**

**REQUEST NO.1**

All documents concerning the conception and design of the Eclipse including, without limitation, blueprints, computerized design information, inventor notebooks, internal memoranda, and test data.

**SUPPLEMENTAL RESPONSE:**

ASP has verified that it has no computerized design information in its possession. Upon checking with MPP, ASP has learned that MPP has Pro-E files of unknown content concerning the Eclipse.

**REQUEST NO. 6**

All communications between ASP and any distributors, retailers and resellers of the Eclipse including, without limitation, Cove Cutlery Co.

**SUPPLEMENTAL RESPONSE:**

See attached list of distributors of the Eclipse light Bates-stamped Nos. 00392 to 00394. In preparing this list, ASP discovered several additional entities that were previously overlooked. These entities are indicated by the designations * or + and their addresses are provided.

**REQUEST NO. 21**

Documents concerning other litigation or claims involving the Eclipse, regardless of whether ASP was the plaintiff, defendant, claimant or respondent including without limitation all cease and desist letters sent by or to ASP concerning the Eclipse and all documents

**SUPPLEMENTAL RESPONSE:**

See attached documents Bates-stamped Nos. 00308 to 00391, correspondence between ASP counsel and the United States Patent and Trademark Office, and correspondence between ASP counsel and Princeton Tectonics counsel.

**ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 4**

Describe the process by which the Eclipse was first conceived including, without limitation, the name of each person or entity performing any part of the process and when the Eclipse was conceived.

**SUPPLEMENTAL ANSWER:**

The Eclipse was first conceived at some time prior to September 23, 2000 and subsequent to June 14, 1997.

**INTERROGATORY NO. 8**

Identify all distributors, retailers and resellers of the Eclipse.

**SUPPLEMENTAL ANSWER:**

See Supplemental Response to Production Request No. 6.

**INTERROGATORY NO. 10**

Explain the factual basis for ASP's contention that the '226 Patent is invalid.

**SUPPLEMENTAL ANSWER:**

ASP did not assert an Affirmative Defense alleging the invalidity of the '226 Patent, but reserves the right to do so as discovery continues.

**INTERROGATORY NO. 11**

Explain the factual basis for ASP's contention that the '973 Patent is invalid.

**SUPPLEMENTAL ANSWER:**

As stated in ASP's Affirmative Defense No. 6, "a reasonable opportunity for further investigation or discovery is like to provide evidentiary support that the claims of the '973 Patent are invalid for failing to comply with the provisions of Title 35 of the United States Code, particularly Sections 101, 102, 103 and/or Section 112." Discovery

is still going on in this case. ASP reserves the right to establish the factual basis for the invalidity of the '973 Patent as discovery proceeds. ASP has discovery outstanding to the Plaintiff designed to illicit this information which is due on April 27th. ASP will supplement this response in a timely fashion shortly thereafter.

Respectfully submitted,

ARMAMENT SYSTEMS AND
PROCEDURES, INC.

Kevin Parsons, CEO

William R. Grimm, 1938
Brent Canning, 5546
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)

Wanda E. Jones, Esq.
Jones Law Offices
60 N. Jefferson
P.O. Box 1759
Nashville, IN 47448

Richard S. Kuhlman, Esq.
Michael E. Pildes, Esq.
Wolin & Rosen, Ltd.
55 W. Monroe St.
Suite 3600
Chicago, IL 60603

## CERTIFICATE OF SERVICE

I hereby certify that I mailed a copy of the foregoing Supplemental Discovery Responses to all counsel of record on April 5, 2005.